E. H. LUIKART, RECEIVER SOUTH OMAHA STATE BANK, APPELLEE, V. WILLIAM N. JAMIESON, APPELLANT.

FILED OCTOBER 4, 1934. No. 29004.

*Webb, Kelley & Lewis* and *S. Arion Lewis,* for appellant.

*S. L. Winters, F. C. Radke* and *Barlow Nye, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and YEAGER, District Judge.

GOOD, J.

This is an action on a promissory note. As a partial defense, defendant pleaded three items of set-off. The trial court refused to submit to the jury for their consideration two of the items. From an adverse judgment, defendant has appealed.

The South Omaha State Bank was adjudged insolvent in 1931, and plaintiff was appointed receiver to wind up its business affairs. Prior to insolvency of the bank, defendant was a customer of the bank. At the time the receiver was appointed he was indebted to the bank upon his promissory note for $1,500. He also had three accounts in the bank. One was an account as administrator of the estate of Delia Jamieson, deceased; another was a personal checking account, and the third a personal savings account. In his answer he alleged that there was $500 of his individual money that was deposited in the administrator account, and that he was entitled to have this item allowed as a set-off against his promissory note. He also claimed a small amount for the savings account. The record discloses without substantial controversy that at defendant's request the receiver credited upon his note the amount of the savings account and the balance that was standing in his checking account, and in this action plaintiff asked judgment for the amount of the note less the credit.

The only real controversy presented by this appeal is as to whether defendant was entitled to the 500-dollar set-off out of his account as administrator. It may be observed that he had presented to the receiver and had allowed a claim in his favor as administrator for the entire amount of the account, and has received one dividend thereon. Two other dividends have been declared, but he has refused to accept them.

From the evidence it appears that in April, 1931, $1,835.04 was deposited in defendant's personal account which should have been in his account as administrator.

Later this item was transferred to his account as administrator. There is evidence tending to show that $500 of this deposit represented private funds of the defendant. He claims that this was never withdrawn from the account, and that he is therefore entitled to set off this $500 against his promissory note. The evidence shows that in July, 1931, and subsequent to this deposit, all of the funds in his account as administrator had been withdrawn from the bank, leaving an overdraft of $27.68. Thereafter certain deposits were made by him in that account. It is conceded that the deposits, made subsequent to overdraft, represented funds belonging to the decedent estate. It appears that if defendant had $500 of his money in the administrator account it was withdrawn and presumably used for the benefit of the estate. None of his individual money remained in his account as administrator. It may be that the estate was indebted to him for the $500. The deposit subsequently made in the account was the money of the estate and could only be withdrawn by the administrator of the estate. Until the money in this account was withdrawn, it remained the property of the estate.

If, in his capacity as administrator, defendant had funds to his credit in the bank, and if the county court had allowed a claim in his favor against the estate, he could, as administrator, have drawn a check, payable to himself as an individual, and could have cashed it. Had he done so, the money represented by the check would have then been transferred from the decedent estate to the defendant. Until the transfer was made, the fund, represented by the bank deposit, remained the property of the estate and not that of the defendant as an individual. The situation presented by the record is quite similar. The estate may have been indebted to him, and it is possible that he could, as administrator, have drawn a check upon his account as administrator, payable to himself as an individual, and could have cashed the check. Had he done so, the fund, represented by the check, would have been transferred to him as an individual. That transfer was never made.

The fund remained the property of the estate.

In *Bank of Crab Orchard v. Myers,* 120 Neb. 84, it was held:

"Mutuality of demands is necessary to entitle a defendant to a set-off, and the respective demands must be between the same persons and in the same capacity.

" 'A claim on the part of a defendant, which he will be entitled to set off against the claim of a plaintiff against him, must be one upon which he could, at the date of the commencement of the suit, have maintained an action on his part against the plaintiff.' *Simpson v. Jennings,* 15 Neb. 671." See, also, *State v. Weston Bank,* 125 Neb. 612.

It is clear that the money in the account as administrator was an account held by defendant in a trust capacity. His liability to the bank was an individual liability. They were not mutual accounts. They were not demands between the same persons and in the same capacity. We think the court properly refused to submit to the jury this item of the set-off.

The record appears to be free from error. Judgment

AFFIRMED.